UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DOMINICK MOORE,

                          Petitioner,

         v.                                                    9:20-CV-0012
                                                              (DNH)

MARY VANN, Superintendent,

                          Respondent.

_____

APPEARANCES:                                    OF COUNSEL:

DOMINICK MOORE
Petitioner, pro se
17-A-4676
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

HON. LETITIA JAMES                              HANNAH S. LONG, ESQ.
Attorney for Respondent                         Assistant Attorney General
Office of the Attorney General
28 Liberty Street
New York, New York 10005

DAVID N. HURD
United States District Judge

## DECISION and ORDER

Petitioner Dominick Moore seeks federal habeas relief pursuant to 28 U.S.C. § 2254.

Dkt. No. 1, Petition ("Pet."). On February 4, 2020, the Court directed respondent to answer

the petition. Dkt. No. 5, Decision and Order dated 02/04/20.

On March 23, 2020, the Court received a letter motion from petitioner requesting

various relief including a motion for release pursuant to 18 U.S.C. § 3143. Dkt. No. 9. The

motion was ultimately denied. Dkt. No. 10, Decision and Order dated March 25, 2020

("March Order").  However, petitioner was granted leave to make a motion for release on bail during the pendency of his habeas petition.  *Id.* at 2-3.  Petitioner's motion for bail is presently before the Court.  Dkt. No. 11.

Petitioner provides two main arguments for release.  *See* Dkt. No. 11-2, Memorandum in Support of Petitioner's Motion ("Pet. Memo.").  First, petitioner contends that his habeas petition is meritorious.  *Id.* at 1-2.  Specifically, petitioner states that he has demonstrated entitlement to relief via his arguments that (1) his unwaivable right precluding Double Jeopardy was violated when the People improperly prosecuted his criminal case and (2) the proceedings would have been different had the trial court not erred in failing to consult petitioner's RAP sheet.  *Id.*  Second, petitioner asserts that because his habeas petition is guaranteed to be granted, in conjunction with the fact that "90% of [his] time has been served and [he is] program satisfied," release on bail is indicated.  *Id.* at 2.

Respondent opposes petitioner's motion.  Dkt. No. 15.  First, respondent contends that petitioner's claims are not substantial because they are not likely to succeed.  *Id.* at 7-10. Specifically, respondent asserts that petitioner's claims are not cognizable and are unexhausted.  *Id.*  Second, respondent proffers that petitioner has failed to establish extraordinary circumstances to make bail necessary.  *Id.* at 10-11.  Specifically, respondent argues that petitioner's assertions that his habeas petition will be successful and that he has completed the majority of his sentence are both insufficient to satisfy the extraordinary circumstances standard.  *Id.*

Federal courts have jurisdiction "to grant bail to habeas petitioners[.]"  *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001).  However, "the standard for bail pending habeas litigation

is a difficult one to meet: [t]he petitioner must demonstrate that the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[] that make the grant of bail necessary to make the habeas remedy effective." *Id.* (internal quotation marks omitted). "In short, [the court asks whether] . . . this case is distinguishable from other habeas corpus cases[.]" *Jackson v. Bennett*, No. 1:01-CV-8971, 2002 WL 126679, at *1 (S.D.N.Y. Jan. 30, 2002) (citing *Richard v. Abrams*, 732 F. Supp. 24, 25 (S.D.N.Y. 1990) (quotations omitted)).

Without determining whether or not petitioner established a substantial probability of success on the merits of his habeas corpus claim, the Court finds that he has failed to demonstrate extraordinary circumstances which justify relief. The fact that petitioner is incarcerated in alleged violation of his constitutional rights does not constitute an extraordinary circumstance. *See generally Iuteri v. Nardoza*, 662 F.2d 159, 162 (2d Cir. 1981) (reversing order granting bail and finding "nothing unusual" about petitioner's argument that, "if the habeas writ is granted, it will mean that his incarceration . . . would have been without basis," given that "[v]irtually all habeas corpus petitioners argue that their confinement is unlawful").

Similarly, the fact that petitioner has served the majority of his sentence and is quickly approaching his conditional release date is unpersuasive to justify relief. *Jackson*, 2002 WL 126679, at *1 (holding that upcoming "eligib[ility] for parole . . . does not constitute an extraordinary circumstance warranting bail [because i]f it did, then every prisoner nearing the end of a term could bring a successful bail motion in connection with a habeas petition.") (internal quotation marks and citations omitted). Moreover, petitioner's participation in programming and vocational training is also insufficient to establish extraordinary

circumstances. *Harris v. Allard*, No. 1:01-CV-7191, 2002 WL 31780176, at \*4-\*5 (S.D.N.Y. Dec. 11, 2002) (holding that while completion of treatment and vocational programming "may be relevant to a parole application in the future, they do not constitute extraordinary circumstances such that this case is distinguishable from other habeas corpus cases.").

In sum, "[p]etitioner has not made any showing that his is a 'special case' and that extraordinary circumstances exist such that release is necessary to make the habeas corpus remedy effective." *Cunningham v. Poole*, No. 9:06-CV-0659, 2007 WL 3353115 (LEK/GJD), at \*2 (N.D.N.Y. Nov. 7, 2007). Accordingly, petitioner's motion to grant him temporary release on bail while his habeas petition is pending is denied.

## IV.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's application for bail (Dkt. No. 11) is **DENIED.** The Court again makes no determination regarding the merits of any of the claims raised in the petition; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[1] and it is

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:  May 11, 2020
          Utica, New York.

United States District Judge

---

[1] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007).

4